IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON ELAINE DELONEY,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. 2:10-cv-2687 DAD

ORDER

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

On January 25, 2008, plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning

---

[1] Although defendant's filing is styled as an "OPPOSITION," in light of the fact that it seeks an order affirming the Commissioner's decision and dismissing plaintiff's complaint, the filing is appropriately characterized as a cross-motion for summary judgment. (Doc. No. 19.)

1

on February 1, 2007.  (Transcript (Tr.) at 142-48.)  Plaintiff's application was denied initially and on reconsideration.  (Id. at 68-78.)

Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and an administrative hearing was held before an ALJ on February 23, 2010.[2]  (Id. at 33-55.)  Plaintiff was represented by counsel and testified at that administrative hearing.  In a decision issued on April 12, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 16-27.)  The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since January 25, 2008, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: Chronic Obstructive Pulmonary Disease (COPD), lumbar strain, mild osteoarthritis, obesity, and depression (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant is precluded from squatting, kneeling, crawling, or climbing ladders, ropes or scaffolding, and should not work at heights or around hazardous machinery, and should avoid concentrated exposure to dusts, fumes, smoke or other respiratory irritants.  Additionally, the claimant is limited to work involving simple instructions and relatively limited contact with the public and co-workers.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on October 31, 1964 and was 43 years old, which is defined as a "younger individual 18-49," on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has a "limited" education and is able to communicate in English (20 CFR 416.964).

/////

---

[2] An administrative hearing scheduled for September 23, 2009 was continued at plaintiff's request to allow her to obtain counsel.  (Tr. at 57-62.)

       8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

       9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the California economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

      10. The claimant has not been under a disability, as defined in the Social Security Act, since January 25, 2008, the date the application was filed (20 CFR 416.920(g)).

(Tr. at 18-26.)

      On August 12, 2010, the Appeals Council denied plaintiff's request for review of the ALJ's April 10, 2010 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 4, 2010.

## LEGAL STANDARD

      The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

      A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence

supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues that the ALJ committed the following four principal errors in finding her not to be disabled: (1) the ALJ improperly rejected medical opinion evidence without

4

a legitimate basis for doing so[3]; (2) the ALJ improperly rejected plaintiff's own testimony regarding her subjective complaints without a convincing reason for so doing; (3) the ALJ failed to establish that there was work in the national economy that plaintiff could perform; and (4) the ALJ failed to consider third-party evidence.

I.   **Medical Opinion Evidence**

Plaintiff first argues that the ALJ erred with respect to his treatment of the medical opinion evidence. Specifically, plaintiff argues that the ALJ's Residual Functional Capacity ("RFC") determination was inconsistent with the opinions of psychiatric consultative examiners Dr. Daigle and Dr. Wong, and that the ALJ's decision to reject the opinion of Dr. Kalman, also a consultative examining psychiatrist, was not supported by substantial evidence in the record.[4] (Pl.'s MSJ (Doc. No. 17-1) at 17-25.[5])

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d at 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

---

[3] Although plaintiff's motion raises two separate claims with respect to the ALJ's treatment of medical opinion evidence, the court will discuss the issues as constituting but a single claim.

[4] Plaintiff's motion also asserts error with respect to the ALJ's treatment of the opinion of non-examining psychiatrist Dr. Morris. However, in light of the errors found by the court with respect to the ALJ's treatment of the medical opinions of the examining physicians discussed above, the court finds it unnecessary to address the ALJ's treatment of the non-examining opinion of Dr. Morris.

[5] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

A treating physician's uncontradicted opinion may be rejected only for clear and convincing reasons, while a treating physician's opinion that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. The ALJ, however, need not give weight to a treating physician's conclusory opinion supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (affirming the rejection of a treating physician's "meager opinion" on the basis that it was conclusory, unsubstantiated by relevant medical documentation, and provided no basis for finding the claimant disabled); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

"The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830. An examining physician's uncontradicted opinion, like a treating physician's, may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Id. at 830-31. Finally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." Id. at 831 (emphasis in original).

Here, on March 14, 2006, Dr. Daigle issued a Complete Psychiatric Evaluation of plaintiff based on his examination of her. (Tr. at 231-36.) Dr. Daigle found, in part, that plaintiff was "[m]oderately to markedly limited in [her] ability to relate and interact with supervisors . . . ." (Id. at 236.) Although the ALJ's decision discussed examining physician Dr. Daigle's opinion, noted Dr. Daigle's finding with respect to this limitation and purported to give Dr. Daigle's opinion "significant weight," the ALJ's RFC determination did not address Dr. Daigle's finding that plaintiff was moderately to markedly limited in her ability to relate and interact with supervisors. (Id. at 21-22.)

Similarly, Dr. Wong, in his Psychiatric Consultative Examination report that was based on an April 26, 2008 examination of plaintiff, found, in part, that plaintiff's "ability to take directions from a supervisor [was] mild-to-moderately impaired . . . ." (Id. at 247.) Again, the ALJ's decision discussed Dr. Wong's opinion, noted Dr. Wong's finding with respect to this limitation and purported to give Dr. Wong's opinion "significant weight," and yet the ALJ's RFC determination also did not address Dr. Wong's finding that plaintiff was mild to moderately limited in her ability to take directions from a supervisor. (Id. at 23.)

Finally, on March 15, 2010, Dr. Kalman examined plaintiff and thereafter completed a Psychiatric Evaluation. (Id. at 467.) Dr. Kalman found, in part, that plaintiff's ability to accept instructions and to respond appropriately to criticism from supervisors was "Markedly Limited."[6] (Id. at 472.) The ALJ's decision discussed Dr. Kalman's opinion and noted Dr. Kalman's finding with respect to this limitation. (Id. at 24-25.) The ALJ, however, gave Dr. Kalman's opinion "reduced weight," concluding that Dr. Kalman's opinion was "not supported by findings and observations in his report" but instead appeared to be based on plaintiff's "subjective allegations" and was "inconsistent with the findings" of Dr. Daigle and Dr. Wong. (Id. at 25.)

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id. As noted above, despite the fact that the ALJ purported to give significant weight to the opinions of Dr. Daigle and Dr. Wong, the ALJ's RFC determination does not address their finding that plaintiff's ability to take direction from a supervisor was impaired and/or moderately to markedly limited. Because those findings represent the uncontradicted opinions of examining physicians, they can only be rejected

---

[6] Dr. Kalman made additional findings, many of which are addressed by plaintiff in her motion, which can be characterized as perhaps the most restrictive with respect to plaintiff's RFC assessment. The court, however, finds it unnecessary to address these additional findings in light of the error discussed above.

for clear and convincing reasons. Here, the ALJ certainly did not offer a clear or convincing reason for failing to include the limitations found by Dr. Daigle and Dr. Wong in the ALJ's RFC determination. Indeed, the ALJ's decision fails to set forth even a specific or legitimate reason supported by substantial evidence in the record for rejecting the findings of the examining physicians.

With respect to Dr. Kalman's finding that plaintiff was markedly limited in her ability to accepts instructions and to respond appropriately to criticism from supervisors, that opinion is only arguably somewhat inconsistent with Dr. Dagile's and Dr. Wong's opinion with respect to the degree plaintiff is limited in that regard. All three examining physicians found that plaintiff's functioning in this area was impaired and/or limited to some extent. Nonetheless, the ALJ's RFC determination fails to include any degree of limitation.

Moreover, of the three opinions, Dr. Kalman's opinion was the most recent, have been rendered following plaintiff's March 15, 2010 examination. An examining physician's opinion based on his or her own independent examination of the claimant constitutes substantial evidence, see Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001), and the Ninth Circuit has found that medical reports that are most recent are more highly probative than those which were rendered before. See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001) (citing Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985)) (finding medical evaluations prepared several months before the hearing in a case where the claimant had a worsening condition were not substantial evidence sufficient to rebut more recent conclusions reached by a treating physician).

Accordingly, the court finds that the ALJ's decision fails to offer specific and legitimate reasons supported by substantial evidence in the record to reject the opinions of examining physicians Dr. Daigle, Dr. Wong and Dr. Kalman with respect to plaintiff's ability to interact with supervisors and, therefore, those opinions must be credited. See Lester, 81 F.3d at 834 (quoting Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989)) ("Where the

Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'"). Furthermore, the court cannot find that this error was harmless.

Social Security Rule 85-15 provides that the "basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to . . . respond appropriately to supervision," and that the "substantial loss of ability" to meet this "basic work-related" activity "would severely limit the potential occupational base" which, "in turn, would justify a finding of disability . . . ." (SSR 85-15, 1985 WL 56857 (S.S.A. 1985). Moreover, when plaintiff's counsel asked the Vocational Expert ("VE") who testified at the administrative hearing what the impact would be on a person who was moderately limited in accepting instructions and responding appropriately to criticism from a supervisor, the VE testified that such a limitation would "preclude employment." (Tr. at 52.)

Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor with respect to this claim.

## II. Plaintiff's Testimony

Plaintiff also argues that the ALJ improperly rejected plaintiff's own testimony regarding her subjective symptoms. (Pl.'s MSJ (Doc. No. 17-1) at 24-25.) In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.

/////

> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).

It is also well established that social security claimants need not be "utterly incapacitated to be eligible for benefits." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). See also Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). In general, the Commissioner does not consider "activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c). See also 20 C.F.R. § 404.1545(e).

Here, with respect to plaintiff's alleged symptoms, the ALJ's decision reads:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the

      claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. at 20.) The ALJ's decision then proceeds to discuss the medical opinion evidence. (Tr. at 20-25.)

      The court finds the ALJ's conclusory treatment of the issue of plaintiff's credibility to be insufficient.[7] Absent affirmative evidence of malingering, the ALJ's reasons for rejecting plaintiff's testimony "must be clear and convincing" and the "ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine, 574 F.3d at 693 (quoting Morgan, 169 F.3d at 599). See also Lester, 81 F.3d at 834 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

      Here, the court finds the ALJ's decision to discredit plaintiff's testimony regarding the intensity, persistence and limiting effects of her symptoms is not supported by specific, clear and convincing reasons. Accordingly, the court finds that plaintiff is entitled to summary judgment in her favor on this claim as well.

## CONCLUSION

      The court concludes that the ALJ's errors with respect to the treatment of medical opinion evidence and plaintiff's testimony undermines the ALJ's entire evaluation and that the court need not address plaintiff's remaining arguments. With error established, the court has the

---

[7] In his cross-motion for summary judgment, defendant attempts to point to potential reasons for discounting plaintiff's credibility. (Def.'s MSJ (Doc. No. 19) at 10-12.) The court, however, is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009). Rather, the Commissioner's decision "must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996). See also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . . .").

discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, it does not appear that a useful purpose would be served by remanding this matter for further proceedings. Plaintiff filed her application for SSI over four years ago. The ALJ found that plaintiff had not engaged in substantial gainful activity since January 25, 2008, the application date. (Tr. at 18.) When the opinions of the examining physicians are given the proper weight, the evidence of record establishes that plaintiff was disabled when Dr. Daigle issued his opinion on July 31, 2006, finding that plaintiff was moderately to markedly limited in her ability to relate and interact with supervisors. In this regard, it is important to reiterate that the Vocational Expert's answer to a hypothetical question that included the appropriate limitations established that when plaintiff's impairments are properly considered, those limitations "preclude employment." (Id. at 52.) Had the ALJ based his decision on the VE's testimony in response to that proper hypothetical question which included all of plaintiff's limitations, the ALJ would have found plaintiff disabled.

Accordingly, the court finds it appropriate to remand this case with the direction to award benefits on the ground that plaintiff had been under a disability, as defined by the Social Security Act, beginning on January 25, 2008, the application date. See Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007) (finding the claimant entitled to benefits where he was required to lie down two or three times each day for up to forty-five minutes due to pain and where the vocational expert testified that there were no jobs available in the national economy in light of that limitation); Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 925 (9th Cir.

2002) (remanding for payment of benefits where the ALJ improperly rejected the testimony of the plaintiff's examining physicians); <u>Ghokassian v. Shalala</u>, 41 F.3d 1300, 1304 (9th Cir. 1994) (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended motion for summary judgment (Doc. No. 17) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 19) is denied;

3. The Commissioner's decision is reversed; and

4. This matter is remanded with instructions to award benefits as of January 25, 2008.

DATED: February 15, 2013.

*Dale A. Drozd* (signature)
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/deloney2687.order